**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL HERREROS TORREZ, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* | Case No: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| PIER 66 MARITIME INC. and ANGELA KREVEY, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff MIGUEL HERREROS TORREZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against PIER 66 MARITIME INC, ("Corporate Defendant") and ANGELA KREVEY ("Individual Defendant," and together with the Corporate Defendant, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further allege that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff MIGUEL HERREROS TORREZ, for all relevant time periods, was a resident of Queens, New York.

7. Defendants own and operate a restaurant under the name "Pier 66 Maritime" located at 205 207 12th Avenue, New York, NY 10001 (the "Restaurant").

8. Corporate Defendant Pier 66 Maritime Inc, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 205 207 12th Avenue, New York, NY 10001. Defendant operates the Restaurant through Corporate Defendant.

9. Individual Defendant ANGELA KREVEY is an owner and principal of the Corporate Defendant PIER 66 MARITIME INC. Defendant ANGELA KREVEY exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant frequently visits the Restaurant. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurant could complain to Defendant ANGELA KREVEY directly regarding any of the terms of their employment, and Defendant ANGELA KREVEY would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

10. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

12. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the FLSA and NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including

but not limited to maintenance workers, waiters, bartenders, food preparers, porters, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff bring claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to maintenance workers, waiters, bartenders, food preparers, porters, chefs, dishwashers among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held,

and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper compensation for all hours worked, (ii) failure to pay proper overtime, (iii) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

20. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously

represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

   d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

   e) Whether Defendants properly compensated Plaintiffs and Class members for all hours worked under state and federal law;

   f) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

   g) Whether Defendants provided to Plaintiff and Class members annual wage notices, as required under the NYLL; and

   h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by NYLL.

## STATEMENT OF FACTS

25. *Plaintiff MIGUEL HERREROS TORREZ:*

    (a) In March 2020, Plaintiff MIGUEL HERREROS TORREZ began employment with Defendants as a maintenance worker for Defendants' Restaurant.

    (b) His schedule was 6am to 3pm, 5 days per week. Plaintiff worked approximately 45 hours per week.

    (c) Throughout Plaintiff's employment by Defendants, Plaintiff was required to clock out for a thirty (30) minute meal break every day. However, at least two days a week, Plaintiff did not take the break. Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one (1) hour per week.

    (d) Plaintiff MIGUEL HERREROS TORREZ was compensated at a rate of sixteen dollars ($16.00) per hour, for all hours worked up to forty (40) hours per week, and at an overtime rate of twenty one dollars and seventy five cents ($24.00) for hours worked over forty (40) hours per week

    (e) In June 2020 Plaintiff's employment was terminated.

26. Throughout entire employment, Plaintiff, FLSA Collective Plaintiffs and Class members were not properly compensated for all hours worked, due to Defendant's policy of time-shaving. Defendants deducted thirty (30) minutes per workday for meal breaks from Plaintiff, FLSA Collective Plaintiffs and Class members. At least two times a week, Plaintiff did not take this break, but Defendants still deducted the thirty (30) minutes. This resulted in Plaintiff, FLSA Collective Plaintiffs and Class members not being compensated for one (1) hour per week. As a result, Plaintiff, FLSA Collective Plaintiffs and Class members suffered from a total of one (1) hour of time-shaving per workweek.

27. Defendants failed to provide Plaintiff and Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

28. Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to a policy of time-shaving.

29. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

30. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff reallege and reaver Paragraphs 1 through 32 of this Class and Collective Action Complaint as if fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

36. At all relevant times, the Defendants engaged in a policy of time-shaving, including refusing to compensate Plaintiff and FLSA Collective Plaintiffs for all of their hours worked.

37. Plaintiff are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including those resulting from time-shaving, and an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

43. Plaintiff reallege and reaver Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

45. At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiff and Class members for all of their hours that they worked each week.

46. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them proper wages in the lawful amount for hours worked.

47. Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

48. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due under the FLSA and NYLL due to Defendants' policy of time-shaving;

d. An award of unpaid wages due under the FLSA and the NYLL;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

g. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to FRCP 23;

j. Designation of Plaintiff as Representatives of the Class; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: October 5, 2020

                                                         Respectfully submitted,
By:    */s/ C.K. Lee*
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiff and the Class*

13