UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL HERREROS TORREZ,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

        v.

PIER 66 MARITIME INC.
   d/b/a PIER 66 MARITIME BAR & GRILL
   d/b/a PIER 66 MARITIME,
and ANGELA KREVEY,

        Defendants.

Case No: 1:20-cv-08285-JPO-GWG

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Attorneys for Defendants Pier 66 Maritime, Inc. and Angela Krevey*

<u>On Brief:</u>

Carolyn D. Richmond, Esq.
Bryn Goodman, Esq.

119305147

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... II

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ........................................................................................................ 2

STATEMENT OF FACTS .......................................................................................................... 2

LEGAL ARGUMENT ................................................................................................................. 5

I.      LEGAL STANDARD ....................................................................................................... 5

II.     PLAINTIFF FAILS TO STATE FLSA AND NYLL CLAIMS SUFFICIENT TO
        SATISFY THE *LUNDY* PLEADING STANDARD ....................................................... 5

        A.      Plaintiff Failed to Properly Plead a Claim for Unpaid Overtime under the
                FLSA ..................................................................................................................... 6

        B.      Plaintiff Failed to Properly Plead a Claim for Unpaid Minimum Wage under
                the FLSA ............................................................................................................... 7

        C.      Plaintiff's NYLL Claims for Minimum Wage and Overtime Also Fail ................ 8

III.    ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS
        AGAINST ANGELA KREVEY ...................................................................................... 8

IV.     THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER
        ANY REMAINING STATE LAW CLAIMS ................................................................ 12

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amponin v. Olayan Am. Corp.*,
  No. 14-cv-2008, 2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015) .................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................1, 5

*Ayala v. Looks Great Servs., Inc.*,
  No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548 (E.D.N.Y. June 23, 2016) .........................11

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
  537 F.3d 132 (2d Cir. 2008) ......................................................................................................9

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................1, 5

*Bustillos v. Acad. Bus, LLC*,
  No. 13 Civ. 565, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) ...................................................8

*Carter v. Dutchess Community College*,
  735 F.2d 8 (2d Cir. 1984) ..........................................................................................................9

*DiFolco v. MSNBC Cable L.L.C.*,
  622 F.3d 104 (2d Cir. 2010) ......................................................................................................2

*Henao v. Parts Auth., LLC*,
  No. 19-cv-10720 (LGS), 2020 WL 5751175 (S.D.N.Y. Sept. 25, 2020) ..................................8

*Irizarry v. Catsimatidis*,
  722 F.3d 99 (2d Cir. 2013) ...........................................................................................9, 10, 11

*Johnson v. Equinox Holdings, Inc.*,
  No. 13-cv-6313, 2014 WL 3058438 (S.D.N.Y. July 2, 2014) ...................................................7

*Lin v. Comprehensive Health Mgmt.*,
  No. 08-cv-5619 (PKC), 2009 WL 976835 (S.D.N.Y. April 9, 2009) ..................................9, 11

*Lundy v. Catholic Health System of Long Island Inc.*,
  711 F.3d 106 (2d Cir. 2013) ............................................................................................ *passim*

*Nakahta v. New York-Presbyterian Healthcare System, Inc.*,
  723 F.2d 192 (2d Cir. 2013) ......................................................................................................6

*Reyes v. Lincoln Deli Grocery Corp.*,
  No. 17-cv- 2732, 2018 WL 2722455 (S.D.N.Y. June 5, 2018) ................................................8

*Serrano v. I. Hardware Distributors, Inc.*,
  No. 14-cv-2488, 2015 WL 4528170 (S.D.N.Y. July 27, 2015) ................................................7

*Vasto v. Credico (USA) LLC*,
  No. 15-cv-9298 (PAE), 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016) ....................................10

**Statutes**

28 U.S.C. § 1367(c) .......................................................................................................................12

29 U.S.C. § 203(d) .........................................................................................................................9

29 U.S.C. § 207(a)(1) .....................................................................................................................8

Fair Labor Standards Act ...................................................................................................... *passim*

New York Labor Law ............................................................................................................ *passim*

**Other Authorities**

12 NYCRR 142-2.2 ........................................................................................................................8

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................1, 5

iii

119305147

**PRELIMINARY STATEMENT**

Plaintiff Miguel Herreros Torrez ("Plaintiff") brought this action seeking unpaid wages, including overtime, and penalties against Defendant Pier 66 Maritime, Inc. (the "Corporate Defendant"), and Angela Krevey ("Ms. Krevey" or "Individual Defendant" together with the Corporate Defendant, the "Defendants") without providing any particular facts that are sufficient to state such claims. As such, Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). While all of New York City was shut down as a result of the COVID-19 pandemic, Plaintiff implausibly claims without providing any factual support that he worked over forty (40) hours per week every week, including working off the clock, while he was employed from March to June 2020.

Moreover, Plaintiff's Amended Complaint fails to satisfy the standards necessary to state plausible claims for relief under the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007). Indeed, under applicable Second Circuit precedent, the Amended Complaint fails to comply with the pleading standard for minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), by failing to allege sufficient factual matter to state a plausible claim that he worked compensable overtime in a workweek. *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) (hereinafter referred to as the "*Lundy* pleading standard"). Accordingly, the Amended Complaint should be dismissed.

Even if the Amended Complaint did satisfy applicable pleading standards—which is does not—the claims against Ms. Krevey should be dismissed. The Amended Complaint simply fails to allege any facts to support the content that she was Plaintiff's "employer" under the FLSA or the

1

NYLL. As such, should the Amended Complaint not be dismissed entirely, the claims against Ms. Krevey should be dismissed.

For all of these reasons and as set forth below, the Amended Complaint is fatally defective and Defendants' Motion should be granted.

## PROCEDURAL HISTORY

On October 5, 2020, Plaintiff filed his initial complaint. (Docket No. 1). On December 7, 2020, Defendants timely answered Plaintiff's initial complaint. (Docket No. 13). On December 14, 2020, the Parties filed a Proposed Scheduling Order with the Court. (Docket No. 15). On December 21, 2020, Magistrate Judge Gabriel W. Gorenstein held an initial conference, approved the Proposed Scheduling Order, and ordered the case to the Court's Mediation Program. (Docket Nos. 16, 17). Pursuant to the Scheduling Order approved by the Court, the Parties could amend their pleadings as a matter of right by January 21, 2021. *See id.* On January 21, 2021, Plaintiff filed the First Amended Complaint ("FAC" or "Amended Complaint") (Docket No. 19), which is the subject of the instant motion.

## STATEMENT OF FACTS[1]

Plaintiff is a former maintenance worker who worked at Pier 66 Maritime located at the Pier 66A location off the West Side Highway in New York City, which is owned and operated by Corporate Defendant. *See* FAC ¶ 23. Plaintiff was hired in March 2020, just before the COVID-19 pandemic devastated New York City. *Id.* His employment at Pier 66 Maritime terminated in

---

[1] For purposes of this Motion, the material factual allegations set forth in the Amended Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Amended Complaint.

or around June 2020; and based on his own allegations (although he neither alleges his start date or termination date), he was employed for less than four months.  *See* FAC ¶ 23.

In his Amended Complaint, Plaintiff purports to represent all "current and former non-exempt employees (including but not limited to maintenance workers, electricians, porters, waiters, bartenders, food preparers, chefs, dishwashers among others) employed by Defendants on or after the date that is six years before the filing of the [initial complaint]."  FAC ¶ 14.  In the FAC, Plaintiff alleges that, in violation of the FLSA and/or NYLL, he and the purported class and collective action members are entitled to recover from all Defendants (1) unpaid overtime compensation, due to time-shaving, (2) unpaid wages for off-the-clock work, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs for violations of the FLSA and the NYLL.  FAC ¶¶ 1-2, 25-28.  Plaintiff asserts that he and the purported class and collective action members are entitled to such relief because Defendants allegedly failed to pay for all time worked (including at the proper overtime rate for hours worked above 40 in a work week) and failed to provide the required rate of pay forms and wage statements.  FAC ¶¶ 29-30.

Generally, however, the Amended Complaint is riddled with blanket conclusory allegations that fail to allege sufficient factual matter to state a plausible claim under the FLSA.  Specifically, the Amended Complaint does not allege any fact to support a plausible assertion the Plaintiff (or any putative class or collective action member) worked more than 40 hours in a given workweek and was not properly paid overtime.  Instead, Plaintiff alleges that "Defendants automatically deducted thirty (30) minute meal break per workday from each of Plaintiff's work

shifts"[2] while he was "required [*sic*] Defendants to continue working throughout this meal break period."  FAC ¶ 24.  Plaintiff also claims that on a daily basis "Defendants directed Plaintiff to clock-out at the end of his scheduled shift, yet continue performing work."  FAC ¶ 25.  Plaintiff alleges he was scheduled to work from 6:00 a.m. to 3:00 p.m. five days per week, for a total of forty-five (45) hours, but that Defendants directed him to work off the clock for approximately thirty (30) to ninety (90) minutes.  *See* FAC ¶¶ 23-25.  There are no facts sufficient to allege a plausible claim that Plaintiff was not paid at least the minimum wage for all hours worked in a given workweek nor are there any facts alleged that Plaintiff worked more than 40 hours during a given workweek and he was not properly paid minimum wage or overtime.

With respect to Ms. Krevey, the Amended Complaint contains wholly conclusory allegations, to wit, that Ms. Krevey "is an owner and principal of Corporate Defendant," that she "exercises operational control as it relates to all employees," that she "—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class" that she "had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees . . . and could reprimand employees."  FAC ¶ 8.  Plaintiff also claims that Ms. Krevey "frequently visits the Restaurant" and that "employees of the Restaurant could complain to [Ms. Krevey] directly regarding any of the terms of their employment."  *Id.*  There are no other allegations in the Amended Complaint nor facts

---

[2] This is a notable departure from Plaintiff's initial complaint where he alleged more specifically "***at least two days a week***, Plaintiff did not take a break.  Plaintiff was not paid for such off-the-clock work and as a result, was time-shaved one (1) hour per week."  Docket No. 1, Complaint ¶ 25(c) (emphasis added).

4

119305147

asserted that specifically reference Ms. Krevey; instead all other allegations and assertions concern "Defendants" generally.

## LEGAL ARGUMENT

### I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts set forth in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, at 676 (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted).

Under this controlling standard, the Amended Complaint should be dismissed.

### II. PLAINTIFF FAILS TO STATE FLSA AND NYLL CLAIMS SUFFICIENT TO SATISFY THE *LUNDY* PLEADING STANDARD

Plaintiff's Amended Complaint fails to meet the *Lundy* pleading standard with respect to Plaintiff's overtime and minimum wage claims. In *Lundy*, the Second Circuit determined that, "to

5

survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours" and "conclude[d] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114.  Here, Plaintiff fails to sufficiently allege that he was not paid minimum wage for time worked, nor does he properly allege that he worked more than 40 hours in a specific workweek as well as that he worked uncompensated time in excess of the 40 hours.

### A. **Plaintiff Failed to Properly Plead a Claim for Unpaid Overtime under the FLSA**

In *Nakahta v. New York-Presbyterian Healthcare System, Inc.*, 723 F.2d 192 (2d Cir. 2013) the Second Circuit upheld the District Court's dismissal, finding that "Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than 40 hours in a week."  Specifically, the lower court found that the claims lacked sufficient factual allegations where plaintiffs alleged they "worked both under and in excess of forth hours per week and were not paid for all of those hours." *Id.* at 199.  Similarly, here Plaintiff alleges that he "routinely worked approximately fifty (50) hours each week."  FAC ¶ 26.

Plaintiff's vague allegations that during his less than four months working for Defendants in or around March 2020 to June 2020, he "was scheduled to work . . . forty-five (45) hours each workweek" and was automatically deducted a thirty (30) minute meal break and was required to continue working during this meal break.  FAC ¶¶ 23-24.  Plaintiff's allegations fail to allege any specific week the plaintiff worked more than 40 hours (using the words "approximately" is not sufficient) and he also fails to allege that he was not compensated at the overtime rate for any hours worked over forty (40) in a specific, given week.  Accordingly, the overtime claims in the Complaint

must be dismissed. *See, e.g.*, *Amponin v. Olayan Am. Corp.*, No. 14-cv-2008, 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (dismissing complaint alleging that plaintiff "generally work[ed] from 9 a.m. to 7 p.m., and 'occasionally later' " but identified "neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week"); *Serrano v. I. Hardware Distributors, Inc.*, No. 14-cv-2488, 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) (dismissing FLSA claims where two plaintiffs alleged the "average" hours worked per week because they constituted "conclusory assertion[s], without any supporting factual context," that they "worked some number of excess hours in some unidentified week."); *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing claim where plaintiff "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"). Here, Plaintiff claims he worked off the clock for "anywhere from approximately thirty (30) minutes, to one-and-one-half (1 ½) hours beyond the close of Plaintiff's scheduled shifts." FAC ¶ 25. Just as in *Serrano* and *Johnson*, allegations that Plaintiff worked "approximately" or "typically" a certain amount of time is not sufficiently specific. As such, Plaintiff's claims for overtime under the FLSA should be dismissed for failure to satisfy the *Lundy* pleading standard.

### B. Plaintiff Failed to Properly Plead a Claim for Unpaid Minimum Wage under the FLSA

Moreover, there are no facts to support any plausible claim that Plaintiff was not paid minimum wage for all hours worked. Indeed, the Amended Complaint does not allege any specific workweek in which Plaintiff's total compensation was less than the applicable minimum wage multiplied by the hours worked during the week. To the contrary, Plaintiff alleges he earned sixteen dollars ($16.00) per hour, which is more than the applicable state and federal minimum wage. FAC

7

¶ 23(c). In other words, there are no facts to support Plaintiff's failure to pay minimum wage under the FLSA claim, and, to the extent such a claim is pled, it fails the *Lundy* pleading standards as well. *See Henao v. Parts Auth., LLC*, No. 19-cv-10720 (LGS), 2020 WL 5751175, at *4 (S.D.N.Y. Sept. 25, 2020) (citing *Bustillos v. Acad. Bus, LLC*, No. 13 Civ. 565, 2014 WL 116012, at *2 (S.D.N.Y. Jan. 13, 2014) ("Conclusory allegations that a defendant failed to pay a plaintiff for all hours worked or that a plaintiff's effective hourly wage fell below the minimum wage do not create a plausible claim")). Accordingly, all of Plaintiff's FLSA claims should be dismissed.

### C. Plaintiff's NYLL Claims for Minimum Wage and Overtime Also Fail

The same standards govern minimum wage and overtime claims under the NYLL and the FLSA. *See also Reyes v. Lincoln Deli Grocery Corp.*, No. 17-cv- 2732, 2018 WL 2722455, at *5-6 (S.D.N.Y. June 5, 2018) (citing *Lundy*, 711 F.3d at 118). The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). This requirement is incorporated into the NYLL. *See* 12 NYCRR 142-2.2. Similarly, NYLL also has similar minimum wage regulations. *Compare* 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). Thus, for the same reasons explained above, the Court should find that Plaintiff's allegations are not sufficient to establish the Defendants' liability for NYLL minimum wage and overtime violations. In the alternative, the Court should decline supplemental jurisdiction over the NYLL claims.

### III. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST ANGELA KREVEY

Even if the Amended Complaint satisfied the *Lundy* pleading standards —which is not the case—it is still defective with respect to Ms. Krevey. Thus, if the Court declines to dismiss the

8

Amended Complaint in its entirety, the Court should dismiss the Amended Complaint against Ms. Krevey because Plaintiff fails to allege she was his employer under the FLSA or the NYLL.

Plaintiff has not and cannot set forth facts necessary to articulate plausibly that Ms. Krevey satisfies the requirements in *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), to establish Ms. Krevey's individual liability under the FLSA and NYLL, other than in a wholly insufficient and conclusory manner, which is insufficient. Therefore, all claims against Ms. Krevey should be dismissed.

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted). Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12; *see also Lin v. Comprehensive Health Mgmt.,* No. 08-cv-5619 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. April 9, 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL). Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees. *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

Plaintiff fails to plead facts sufficient to state a claim of individual liability with respect to Ms. Krevey. Indeed, other than her address for service of process and conclusory generalized allegations, there are no specific facts concerning Ms. Krevey's operational control in the Amended Complaint. This alone is grounds to dismiss the claims against Ms. Krevey. Plaintiff alleges, in a wholly conclusory manner, that Ms. Krevey "is an owner and principal of Corporate Defendant," that she "exercises operational control as it relates to all employees," that she "also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class" that she "authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees." FAC ¶ 8. However, Plaintiff fails to provide any concrete factual assertions to support these conclusory allegations and individual liability cannot be based on such conclusory allegations alone. *See, e.g., Vasto v. Credico (USA) LLC*, No. 15-cv-9298 (PAE), 2016 WL 4147241, at *7 (S.D.N.Y. Aug. 3, 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109).

Plaintiff's allegations fall far short of the required pleading standards. The only specific allegations against Ms. Krevey in the Amended Complaint are that she "frequently visits the Restaurant" and that "employees of the Restaurant could complain to [Ms. Krevey] directly regarding any of the terms of their employment" and she had authority to effect change as to the

10

quality and terms of employment.  *Id.*  However, visiting the restaurant does not plausibly show that Ms. Krevey had *actual* control over any business operations or payroll practices or any role in the alleged FLSA and NYLL violations at issue.

The remaining allegation that employees "could" complain to Ms. Krevey is insufficient as well.  Plaintiff must plead specific facts that make it plausible to infer that Ms. Krevey had actual control over business operations and payroll practices and he did not do so.  *See Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035 (ADS) (SIL), 2016 WL 3541548, at *7 (E.D.N.Y. June 23, 2016) ("In the Court's view, the plaintiff must plead facts which make it plausible to infer that the individual defendant had authority to take actions that satisfy some of the factors set forth in the economic reality test. As an example, the plaintiff could allege that the individual defendant did hire a *particular* employee; provide actual examples of authority exercised by the individual defendant that tended to show that he had operational control of the company; or plead allegations showing that the individual defendant was the sole decision-maker in a small or medium sized corporation." (emphasis in the original).  Plaintiff merely alleges that employees could complain to Ms. Krevey directly does not demonstrate that she had any actual control over any business operations or payroll practices as they relate to Plaintiff's allegations specifically.  Nor does Plaintiff claim that he ever had any discussions, or observed any purported class members having any discussions, with Ms. Krevey about the business operations or payroll practices.

Notably, the Amended Complaint does not allege any facts about Ms. Krevey with respect to Plaintiff's employment.  *See Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 CIV.6519 (PKC), 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) ("The complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control *plaintiffs'* hours, wages, or other terms and conditions of employment.") (emphasis added); *see*

11

*also Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."). Accordingly, if the Court does not dismiss the Amended Complaint in its entirety, Plaintiff's FLSA and NYLL claims against Ms. Krevey should be dismissed.

### IV.  THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER ANY REMAINING STATE LAW CLAIMS

Should this Court decide to dismiss only Plaintiff's federal claims (and Defendants respectfully assert that dismissal is appropriate for all claims), this Court should decline supplemental jurisdiction for Plaintiff's state law claims, including but not limited to, failure to provide proper wage statements and notices. 28 U.S.C. § 1367(c) allows the court to decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. Given the foregoing reasons, this Court should find that Plaintiff has failed to state a claim under the FLSA, we request that the Court decline to exercise supplemental jurisdiction over Plaintiff's other state claims.

### CONCLUSION

The Court should dismiss the FLSA and NYLL claims because Plaintiff failed to meet the *Lundy* pleading standard as required under applicable law. As the FLSA is the only basis for original jurisdiction in this case, and discovery has only just commenced, the Court should decline to exercise supplemental jurisdiction and dismiss the Amended Complaint in its entirety. Alternatively, the Court should dismiss all claims asserted in the Amended Complaint against Defendant Angela Krevey because Plaintiff fails to allege facts to support a plausible inference

that she was Plaintiff's "employer" under the FLSA or NYLL.

DATED:  February 4, 2021          Respectfully submitted,
         New York, New York     FOX ROTHSCHILD LLP

                                          By:  */s/ Bryn Goodman*
                                               Carolyn D. Richmond
                                               Bryn Goodman
                                               crichmond@foxrothschild.com
                                               bgoodman@foxrothschild.com
                                               101 Park Avenue, 17th Floor
                                               New York, NY 10178
                                               (212) 878-7900

                                               *Attorneys for Attorneys for Defendants Pier 66 Maritime, Inc., and Angela Krevey*

13

119305147